NO. 07-00-0472-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 6, 2001

______________________________

HERIBERTO RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF HALE COUNTY;

NO. B13,736-0005; HON. ED SELF, PRESIDING

_______________________________

Before QUINN, REAVIS and JOHNSON, JJ.

DISSENTING OPINION

As the majority opinion sets out, criminal defendants 
are to be tried for the crime with which they are charged, and not for their status or ethnicity.  In 
Riascos v. State
, 792 S.W.2d 754 (Tex.App.-Houston[14th Dist.] 1990, pet. ref’d), cited by the majority, the court noted that “Texas courts have long held that the national origin or race of a defendant should not be the 
focal
 point of argument by the prosecution. . .”(emphasis added).  The 
Riascos
 court determined that the record before it did not show any need for the case against the defendant to have been 
focused
 on drug traffic, illegal Columbians and extraneous offenses when the only evidence was that a killing took place over a $200 debt.  The court concluded that the State had unduly inflamed the jury to the prejudice of the defendant and to the extent that the cumulative effect of the errors complained of by the appellant was “outrageous.”  
Id
. at 758.   

I do not view this record to demonstrate that appellant’s illegal alien status or his ethnicity were the focal points of the State’s presentation, or that the State used either of the subjects to inflame the jury against appellant.  Neither of the subjects was mentioned by the State during 
voir dire
 of the jury venire, nor during opening statement.  Neither subject was argued by the State during summation on guilt or innocence, until after defense counsel made a plea for the jury 
not
 to judge appellant on his ethnicity by arguing that appellant should not be perceived by the jury “if you will forgive the phrase, as a drunk Mexican.”  And, although the prosecutor misstated defense counsel’s argument and argued that defense counsel called appellant a drunken Mexican, the misstatement was in the context of the State’s argument that “... and I take offense to this phrase. [Counsel] said his client was a drunken Mexican.  Doesn’t have to be Mexican.  Doesn’t matter what race it is whatsoever.  What is right is right and what is wrong is wrong.” 

The State presented its case, from 
voir dire
 and opening statement to final summation, as a question of witness credibility.  Both prosecution and defense attorneys questioned the jury panel about whether testimony of one witness would be sufficient for conviction, if believed.  According to the complainant, the sexual assault by appellant took place with no one present but the complainant and appellant.  Appellant denied the charges.  Uncontroverted physical evidence showed that complainant’s hymen had been torn and that penetration of her sexual organ had occurred at some point.  The State asserted that the complainant should be believed; defense counsel urged that appellant should be believed.  The jury had to resolve a direct conflict in testimony between the twelve-year-old complainant and the thirty-seven-year-old appellant.
(footnote: 1)  The State did not focus on or emphasize appellant’s status as being illegally in the country or either complainant’s
(footnote: 2) or appellant’s race during the guilt-innocence stage of trial.  During the punishment stage, the prosecutor referenced appellant’s illegal status in the context that appellant had previously knowingly violated law by entering and remaining in the country illegally.  

I disagree that appellant, by this record on direct appeal, has met his burden of proving ineffective assistance of counsel.  
See
 
Jackson v. State
, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).  Even assuming, 
however, that appellant has met his burden to prove ineffectiveness of counsel, I do not find the record to present a reasonable probability that but for counsel's alleged errors the result of the proceeding would have been different. 
See
 
Strickland v. Washington
, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)
; 
Hernandez v. State
, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).

Accordingly, I respectfully dissent.

Phil Johnson

     Justice

Publish.

FOOTNOTES
1:
State’s counsel summed up the respective positions of the State and appellant as he completed the State’s rebuttal argument:  “I told you it would probably be better for me to just stand up here and say ‘He did it,’ and [defense counsel] to say ‘Did not,’and for me to say ‘Did too,’ and for you-all to go back there and deliberate.”

2:
At the beginning of final summation the prosecutor affirmed that complainant’s ethnicity should not be a factor in deliberations: “....Because you take a twelve year-old and you do what was done to that twelve year-old – or any twelve year-old for that matter – be they black, be they white, be they Hispanic, be they Asian, be they any color.  You don’t do that to a twelve year-old.”